UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>                 Plaintiff,<br>    v.<br><br>NICHOLAS W. BROWN,<br><br>                 Defendant. | CASE NO. 3:25-cv-05213-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 4) |

    This matter comes before the Court on the Report and Recommendation (R&R) of the Honorable Magistrate Judge Theresa L. Fricke. (Dkt. No. 4.) The R&R recommends that Plaintiff's application to proceed in forma pauperis (IFP) be denied under 28 U.S.C. § 1915(e)(2)(B) because the complaint is frivolous and fails to state a claim. (*Id.* at 2–4.) The R&R gave Plaintiff 14 days to file objections. (*Id.* at 5.) The day before the deadline, Plaintiff filed a "Claim Against Unlawful Action" alleging that Judge Fricke, the undersigned, and other judges were engaged in an unlawful conspiracy against him, including copies of orders dismissing complaints in this and other cases. (*See* Dkt. No. 5.) After the deadline, Plaintiff

1 subsequently filed a second "Claim Against Unlawful Action" and a "Judicial Notice and
2 Freedom of Information Act Request" making similar allegations.  (*See* Dkt. Nos. 6, 7.)

3       A district court reviews *de novo* "those portions of the report or specified proposed
4 findings or recommendations to which [an] objection is made."  28 U.S.C. § 636(b)(1)(C); *see*
5 *also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the
6 magistrate judge's disposition that has been properly objected to.").  Objections to an R&R must
7 be "specific." Fed. R. Civ. P. 72(b)(2).  Mere incorporation of arguments from the underlying
8 motions, without identifying "what portions of the R&R" the objecting party "considers to be
9 incorrect," does not constitute a specific objection, *Amaro v. Ryan*, 2012 WL 12702, at *1 (D.
10 Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a *de novo*
11 review, *Brandon v. Department of Corr.*, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021).
12 "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear
13 error' on the face of the record before adopting the magistrate judge's recommendation."
14 *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).

15       Here, Plaintiff's "Claim Against Unlawful Action" is not a proper objection and does not
16 trigger *de novo* review.  Nonetheless, the Court reviewed Plaintiff's proposed complaint and
17 reaches the same conclusion as the R&R, that Plaintiff has failed to plausibly allege any facts
18 that the Attorney General of Washington "unlawfully kidnapped" his son.  (Dkt. No. 4 at 3,
19 quoting Dkt. No. 1-1 at 5.)

20       Therefore, the Court having considered the Report and Recommendation and the
21 remaining record *de novo*, does hereby find and order as follows:

22       (1)      The Court ADOPTS the Report and Recommendation.

(2) The Application to Proceed IFP (Dkt. 1) is DENIED and this case is DISMISSED for failure to state a claim upon which relief can be granted.

(3) The Clerk shall enter JUDGMENT and close this case. The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. Theresa L. Fricke.

Dated this 6th day of May, 2025.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 4) - 3